Per curiam, delivered by
Livingfton J.
This is an attempt to recover as for a total lofs, under a pretence that the infu-rance was efteiled for the plaintiff’s feparate intereft, and was intended to cover nothing more than his proportion of the joint property. There can be no doubt that fuch an infurance may be made, and then, as in the cafe of Lawrence and Whitney vs. Vanhorn and, Clarkson* the partner, who thus infures his particular intereft, will be permitted to recover accordingly; but there it appeared that Lawrence and Whitney, had no right to infure for the other parties concerned in the voyage, and that it was well underftood that the policy was to extend to their ihare only. But every thing forbids fuch a conclulion here. The plaintiff was at Guadaloupe, and to him was committed the entire management of the voyage. He made the purchafes he loaded the veftel. To him it was left, and thence it became his duty, to make infurances. The ihip-meni was made on the joint accpunt (and fo exprefíéd in thé *206 bills of lading and invoices) of him and Gault, and amounted, " with charges; to 9,922 dollars. On the 23d of June, 1801, the plaintiff" diretis his agents, in New-York, to make infurance for 5,000 dollars. In this letter, he fpeaks of Gault and of his loading the iloop Hope on their joint account; and there is nothing in it, from which it can be inferred, that he intended to confine the infurance to his own proportion of the adventure. Five days after, the plaintiff writes another letter, directing an additional infurance to be made on the fame Ihipment, for 4,500 dollars, which would have covered all the property on board. After this, no doubt can be harboured of the plaintiff’s intention. But it is faid that thefe letters, not being communicated to the underwriters, ought not to be received to explain the meaning of the parties. This may generally be right; but if any doubt arife on the written contract, I think the acts of the affured, although not known to the afiur-.érs, may be examined to ffiew that his intentions were different from what afterwards he pretends was the cafe. If he liad defighed to reftrain the infurahee to his': iritereft in the cargo, it was eafy to have ufed apt words for that purpofe. If this has hot been done, and there be any controverfy as to its extent, and this has been occafioned by what may be deemed a negleit iii the plaintiff himfeif, his aits, however defirous he pay be to keep them from our view, muff furely be good evidence, if they militate againfi: the c.onftruction he now fets up, or if they have a tendency to ihew that it is foreign from what he intended at the time, and contrary to his own written inftruitions. But there is no necefiity to travel out of the contrail, which is always dangerous, to afeertain the meaning of the parties to it. The infurance is not only for Lawrence, but for “ every other perfon to whom the property si doth, may, or {hall appertain, in part or in whole.” After this we mutt do violence to the plain import of thefe terms, to confine this indemnity to the goods of Lawrence alone, or to the amount of his intereft in the joint property.—This is the ufual way of making infurances on a joint intereft for a particular voyage, where no general partnerlhip exifts.—One of the concern is entrufted with the conduit of the voyage, and in making infurance. Ordinarily he difclofes his own name only, but under fiich contrail the other partners yfill be ¡permitted to recover for a lofs of their intereft, alfo. The words ‘f for account of Richard M. Lawrence,” being in writing is of no poment, for as they do not contradict, there is no rea-s *207 fon why they ihould control the printed claufes of the inftrument. It may be iubjoined, that no one can doubt the plaintiff may charge Gault with his proportion of the premium of infurance, and that the latter may compel him to carry to his credit whatever is recovered in this fuit. If fo, it is another reafon for regarding this, as it was mod certainly intended to be, an infurance of the joint property. The French law has been referred to as fettling this point in favor of the plaintiff $ but on looking into Emerigon and Valin, we ihall find them at variance. The former being of opinion that an infurance by one partner, without a Jpecification of the intereft he means to cover, is valid only for his proportion of the adventure, while Valin, however, with feveral writers cited by him, confider it as extending to the whole cargo -, quia id quod commune ejl> mjlrum effe dicitur. This is eipecially fo, fays Valin, if the infurance be made by the chef de la focieté, or acting partner, as • was the cafe here. It ihould be obferved, alfo, that Emeri-gon, in giving his opinion on a queftion which he admits tq have been much agitated, makes ufe of exprefiions not only very guarded, but which cannot be applied to the prefent policy. If partnerihip effefts ■ are loaded, fays he, for my account and that of others, an infurance which is made for “ my foie account (pour mm comptefeul) will only proteft my “intereft, becaufe nothingmore has beencovered.” 1 Eme.294. 2 Val. 34. But is that the cafe here ? When the policy is as general as our language can make it, ihall we call it an infurance “ on the foie account" of Lawrence ? Emerigon alfo admits that a judgment has been rendered in France, contrary to the opinion he entertains. Something was faid of a miire-prefentation as to the time of the vefiel’s failing, but this objection was abandoned on the argument.
As to the latenefs of the abandonment, this is a point I con-iider as fettled by this court, in the cafe tif Earl vs. Shaw. It was there determined, that an abandonment is never too late, provided, the lofs continue total to the time of making it.
Being then well fatisfied that the plaintiff meant to infure the property of Gault as well as his own, and that the terms of the policy comport with this intention, he can recover a partial lofs only. Judgment myft therefore be entered for 366 dollars and 60 cents.
Kent C. J.
Upon this cafe the queftion is, whether the plaintiff ihall recover the moiety of the fum infured, or tb,é *208 whole ? There is no difpute but that the plantiff's individual intereft was fufficient to cover the whole policy.
Earle v. Lef-ferts. Earle v. Shaw. April 1800. Roget v.Thurlton. April
Page v Fry, 2 Bos. & Pull, 240. 1 Caines Rep. 284.
The time of abandonment was not material, fince, if the amount infured is to enure to the plaintiff, the lofs remain-total, when the abandonment was made. This court has repeatedly decided, that abandonment is not effential to enable the infured to recover a total lofs, if the lofs be actually total, and continue 10 to the bringing oí the luit.
( "Ehere can be no doubt alfo, but that a partner has fuch an intereft in the intirety of the cargo, as to enable him fepa-rately t0 infure it, and that an averment that he had an inte-reft in the property to the amount of the infurance, is fup-ported by proof of a partnerihip intereft in him to that amount.")
The important inquiry in the cafe is, what was the intent of the parties in the prefent cafe i Was the infurance intended for the feparate intereft of the plaintiff, or for the joint inte-reft of him and Gault ? if the latter, then it appears that only a moiety of the fum infured has been loft.
It does not appear that the plaintiff and Gault were general partners in buffnefs. It is rather to be intended from the Cafe, that they were partners only in the particular ihipment in queftion ; and although the printed part of the policy be in the ufual form, yet the order to infure was for the account of the plaintiff, and the blank in the policy was filled up accord-inglyyfrr account of the plaintiff ; no other communication was made to the defendant but the order. I am therefore of opinion, arifing from thefe material features in the cafe, that the evidence refulting from the contrail itfelf, muft decide the queftion. It is there that we are to look for the intent. The plaintiff" and Gault were fpecial partners, the order limits the ‘infurance to the plaintiff. His name alone is inferted in the policy. His ihare in the ihipment equalled the amount of the infurance, and the joint intereft of him and Gault, was not brought into view, in making the contrail. The letter of the plaintiff was not communicated, nor do I think it •would have been very material if it had, for it is too equivocal and indefinite to operate by way of explanation or control of the policy. ' This queftion has been much difeuffed and litigated by the French and Italian writers, and different opinions have been entertained on the fubjeit. Valin vol. 2. 34. however, concludes, that if one infure as his own, a thing in common between him and others, the policy is valid only for his portion, unlefs he was the principal of the firm. *209 Emerigon, vol. i. 293, 4, 5, after ftating the various opinions on the point, fays that the general rule is, that each co-partner is prefumed not to infure but for himfelf ; and if one infures, and the infurance be declared to be for Ms account, it will enure only to the extent of the intereft of fuch partner.--<.-vw
This opinion is entitled to the more weight, confidering that the general principles of the law of infurance are the fame in every country, f 1 think, therefore, that the plaintiff is entitled to recover for a total Iofs, and that the verdidt-pught to ftand. )
Thompfon J.
The only important queftion arifing out of this cafe is, whether this infurance íhall be confidered as made for account of Richard M. Lawrence folely, or for account of Lawrence and Gault ? If for the former, the ver-didt mult ftand ; if for the latter, it mult be reduced to 36$ dollars 60 cents. Several other points were raifed by the defendant’s counfel on the argument, but which were either abandoned, or fall within the rules and principles heretofore fettled in this court. The principal one was with refpedt to the abandonment, whether it was made in feafon, the lofis having happened in June 1801, and the abandonment not made until the February following. The rule on that fub-jedt, I underftand to be, that the allured may abandon at any time while the lofs continues total. If that be fo, the abandonment, in the prefent inftance, was in feafon. With ref-pedt to the main queftion, I am inclined to think the plaintiff is entitled to recover, as for a total Iofs. Admitting the plaintiff to have only a joint intereft in the fubjedt with Gault, there is no doubt but he could infure his own intereft therein feparately,and under a general averment of intereft in the entire thing infured, prove an intereft in any aliquot part, and recover damages for the Iofs in proportion to fuch part. This point was fettled in this court, in the cafe of Lawrence and Whitney v. Vanhorn and Clarhfon. The policy declares the infurance to-be made for account of Richard M. Lawrence, and although the general printed words, for whomfoever it may concern, might cover the intereft of others, yet the written words ferve in fome meafure as an index, by which to afcertain the intention and underftanding of the parties. In the prefent cafe it muft manifeftly have been the underftanding of the defendant, and of the brokers who effedted the policy, that the in-lurance was on account of Richard M. Lawrence only. The order for infurance given by Lawrence and Whitney, the *210 agents to the brokers, were explicit that the infurance; was to be for account of Richard M. Lawrence. The letters written by the plaintiff to his agents, I think, are hot entitled to much weight, for from the one which they received, it may be doubtful whether it contained directions to infure on .the joint account of Lawrence and Gault, or on the feparatc account of Lawrence. The one, which never came to hand, ought certainly to have no influence on the queftion. Whatever intimations were given by the plaintiff, to his agents, with refpedt to Gault’s intereft in the cargo, they never came to the knowledge of the underwriter. The reprefentation made to tjie defendant, was that the infurance was for account of Richard M. Lawrence ; and if, in any ftate of things, it would have been for the benefit of the underwriter to have confined the intereft in the cargo to Lawrence only, he might have urged, with great force and propriety, that fuch was the un-derftanding of the parties at the time the policy was effected. The fituations of Lawrence & Gault were different, and fhould an attempt have been made to recover, under different cir-cumftances, on the joint intereft of Lawrence and Gault, and the riik had been increafed by the concern of Gault,' in the fubject infured, the underwriter would have had good right to urge the reprefentation, as a ground of fraud, to avoid the-policy. I think from the policy itfelf, and from the under-ftanding of the immediate contradling parties, it is clearly to ¡be inferred that the infurance was intended for account of Richard M. Lawrence only. His intereft is fufficient to co~ "ver the fijm infured, and nothing appears in the cafe to induce a iuipicion of fraud, or that he has, or is to derive any benefit from that part of the cargo reftored to Gault. I am therefore of opinion that the Plaintiff ought to have judgment for the 639 dollars 34 cents.

e z y0I --4